### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINA BOYCE,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-2300** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY,** | : | |
| *Defendant.* | : | |

### <u>MEMORANDUM</u>

**HON. JOSÉ RAÚL ARTEAGA**                                                **June 10, 2026**
**United States Magistrate Judge**[1]

Plaintiff Christina Boyce ("Boyce") has sued Defendant State Farm Fire and Casualty Company ("State Farm"), alleging breach of contract (Count I), bad faith (Count II), violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III), and violations of the Pennsylvania Unfair Practices Act ("UIPA") (Count IV) based on State Farm's denial of her homeowner's insurance claim for water damage to her home and personal property. State Farm moves to dismiss Counts II, III, and IV of her Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In response, Boyce states that she has voluntarily withdrawn Count III. Despite her argument that Counts II and IV withstand dismissal, they are dismissed for the following reasons.

---

[1] This case was reassigned to me after the parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c). (See ECF 19, 20.)

## I.   BACKGROUND

Boyce owns and lives in a dwelling at 921 Lawton Terrace in Glenolden, Pennsylvania. (Compl. ¶¶ 1, 3.) She purchased a homeowner's insurance policy from State Farm. (*Id.* ¶ 6.) While the policy was in effect, on or about March 18, 2025, she claims that a leaking water heater damaged her basement, floors, walls, staircase, and personal property. (*Id.* ¶¶ 7, 12.) On a date not specified in the Complaint, Boyce initiated a water damage claim against her State Farm policy with State Farm. (*Id.* ¶ 9.) Boyce alleges that State Farm has "refused to properly cover the claim." (*Id.* ¶ 9.)  She alleges that State Farm's unspecified "behavior and refusal to pay" shows its "motive of self-interest and ill will toward" her. (*Id.* ¶ 20.)  She also alleges that it did not comply with its duty to provide "prompt investigation of claims" under the UIPA.  (*Id.* ¶¶ 32-33.)

## II.   STANDARD OF REVIEW

To withstand dismissal, Boyce's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 12(b)(6). The Court is "required to . . . draw all inferences from the facts alleged in the light most favorable to" Boyce. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In the case where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8

(a)(2)). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. The Court may not "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (citation modified).

When a complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (citation modified). The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786-87). If Boyce does not allege sufficient facts to "nudge" her claims "across the line from conceivable to plausible," they must be dismissed. *Twombly*, 550 U.S. at 570.

## III.    DISCUSSION

### A.    <u>Count II: Bad Faith</u>

Pennsylvania's bad faith statute permits a Court to award interest, punitive damages and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." 42 Pa. Con. Stat. § 8371. In insurance matters, "bad faith" is "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). Before Boyce's bad faith claim can proceed to discovery, she must show that (1) State Farm did not have a reasonable basis

3

for denying benefits under the policy and (2) State Farm "knew of or recklessly disregarded its lack of a reasonable basis" when it declined to pay her claim for water damage. *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017); *see also Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015). The facts alleged must demonstrate that State Farm acted with a "dishonest purpose . . . through some motive of self-interest or ill will." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Terletsky v. Prudential Prop. & Cas. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

Negligence or poor judgment—such as valuing a claim lower than the amount the insured believes it is worth—does not, by itself, prove that the insurer acted in bad faith. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012).  An insurer can exhibit bad faith conduct through actions including: "a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims." *Snider v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 146 (E.D. Pa. 2022) (citation modified). *Rancosky* requires "an objective inquiry into whether a reasonable insurer would have denied payment of the claim under the facts and circumstances presented." 170 A.3d at 374.

Courts dismiss bad faith claims that rely on conclusory or boilerplate allegations because conclusory statements alone do not provide the factual basis necessary for awarding bad faith damages. *See Yauger v. Mid-Century Ins. Co.*, No. 23-4075, 2024 WL 555883, at *3 (E.D. Pa. Feb. 12, 2024); *Diaz v. Progressive Advanced Ins. Co.*, No. 19- 6052, 2020 WL 868133, at *1 (E.D. Pa. Feb. 21, 2020); *Elican v. Allstate Ins. Co.*, No. 17- 3105, 2017 WL 6525781, at *4 (E.D. Pa. Dec. 21, 2017); *Soldrich v. State Farm Fire & Cas. Co.*, No. 15-

1438, 2015 WL 7568442, at *3 (E.D. Pa. Nov. 25, 2015). Courts are not required to credit bald or conclusory assertions, or to give weight to legal conclusions contained in the complaint, when considering a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678; *see Grimley v. Progressive Advanced Ins. Co.*, No. 25-3111, 2025 WL 2414162, at *3 (E.D. Pa. Aug. 20, 2025).

Basic information regarding the insurance policy, loss, and denial of the claim and factual allegations showing how the insurer acted unreasonably are necessary at this stage. *See Kirschner v. State Farm Fire & Cas. Co.*, No. 23-993, 2023 WL 7167568, at *5 (E.D. Pa. Oct. 31, 2023). Because bad faith claims are fact-specific, to survive a motion to dismiss, "[a] plaintiff cannot merely say that an insurer acted unfairly, but instead must describe *with specificity* what was unfair." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (emphasis added). Plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred." *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014).

Boyce's Complaint fails to provide the factual allegations necessary to support a claim of bad faith. She provides no support for her claim that State Farm acted without a reasonable basis, knew or recklessly disregarded its alleged lack of reasonable basis, how it delayed its claim handling, or how it acted with self-interest and ill will towards her. Instead, Boyce makes only an assertion of law: "[State Farm's] behavior and refusal to pay [her] damages demonstrates [State Farm's] motive of self-interest and ill-will toward [her]." (ECF 8-3 at 5.) Without any factual allegations to show how State Farm has acted in bad faith, Boyce fails to state a plausible bad faith claim and Count II must be dismissed.

5

Federal Rule of Civil Procedure 15(a) requires the Court to "freely give leave" to amend "when justice so requires." Because it is possible Boyce could plead additional facts to support a claim of bad faith, her bad faith claim will be dismissed without prejudice to renewal if she can allege sufficient facts to plausibly plead her claim. Fed. R. Civ. P. 15(a).

### B.    Count IV: Unfair Insurance Practices Act

Count IV of Boyce's Complaint purports to state a claim for relief under Pennsylvania's Unfair Insurance Practices Act ("UIPA").[2] (ECF 8-3 at 7.) Defendant argues that UIPA "does not create a private cause of action" as only "Pennsylvania's Insurance Commissioner may enforce the statute." (ECF 8-2 at 9.) In response, Boyce "denies that interpretation" but cites no binding authority or even persuasive authority to support her contrary view. (ECF 11 at 3-6.) Defendant's interpretation of UIPA is correct and therefore controls.

"[T]here is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner." *Leach v. Nw. Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008); *see also Clapps v. State Farm Ins. Cos.*, 447 F. Supp. 3d 293, 303 (E.D. Pa. 2020) (holding it was "inconceivable" that the plaintiff could amend her complaint to bring a UIPA claim "within the jurisdiction of the Court" because its regulations do not "provide citizens with a private right of action"); *Upper Pottsgrove Twp. v. Int'l Fid. Ins. Co.*, 976 F.

---

[2] The body of Boyce's Complaint incorrectly identifies this statute as the Pennsylvania "Unfair Claims Practices Act." (Compl. ¶ 32.) The correct title is the Pennsylvania "Unfair Insurance Practices Act." 40 P.S. § 1171.

Supp. 2d 598, 604 (E.D. Pa. 2013) ("The UIPA does not create a private right of action but instead allows the Insurance Commissioner to regulate bad faith claims."); *Weinberg v. Nationwide Cas. & Ins. Co.*, 949 F. Supp. 2d 588, 598 (E.D. Pa. 2013) ("Courts within the Third Circuit and the Commonwealth of Pennsylvania continue to recognize that the UIPA does not provide plaintiffs with a private cause of action."); *Gen. Cable Corp. v. Ins. Co. of N. Am.*, No. 10-1958, 2010 WL 11558267, at *2 (E.D. Pa. Oct. 29, 2010) (granting a defendant's motion to dismiss to the extent the claim relied on the UIPA because that statute does not convey to citizens a private cause of action); *Oehlmann v. Metro. Life Ins. Co.*, 644 F. Supp. 2d 521, 531 (M.D. Pa. 2007) ("The UIPA does not create a private cause of action for citizens."); *Smith v. Nationwide Mut. Fire Ins. Co.*, 935 F. Supp. 616, 620 (W.D. Pa. 1996) ("[I]t is clear that there is no private cause of action under the UIPA or the Unfair Claims Settlement Practices Regulations"). Boyce's unsupported claim "that the act," *i.e.* UIPA, "applies" is not sufficient to permit her claim to proceed. (ECF 11 at 5-6.)

Because there is no cause of action for a violation of UIPA that is available to private citizens like Boyce, State Farm's Motion to Dismiss as to Count IV is granted, and Boyce's UIPA Claim is dismissed. Her UIPA claim is dismissed with prejudice because any amendment would be futile.

### C.    Count III: Unfair Trade Practices and Consumer Protection Law

Finally, in response to State Farm's motion to dismiss Count III, Boyce agrees to withdraw her UTPCPL claim, even though she does so under a heading that states that her Complaint "sufficiently demonstrates a violation" of the statute. (ECF 11 at 3 (citation modified).) Count III is withdrawn with the Court's leave consistent with Federal Rule of

Civil Procedure 15(a)(2). Boyce may only amend her Complaint to reassert a claim under the UTPCPL with State Farm's written consent or with the Court's leave to do so. Fed. R. Civ. P. 15(a)(2).

## IV.    CONCLUSION

For the reasons set forth above, State Farm's Motion is **GRANTED** with respect to Counts II and IV.  Boyce's bad faith claim (Count II) is **DISMISSED** with leave to amend if she can allege sufficient facts to plausibly plead her claim.  Count IV is **DISMISSED WITH PREJUDICE** because amendment would be futile. Count III is **WITHDRAWN** pursuant to Rule 15(a)(2).

An appropriate Order follows.