**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA BOYCE,** | : | |
| ***Plaintiff,*** | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-2300** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY,** | : | |
| ***Defendant.*** | : | |

**MEMORANDUM ORDER**[1]

**AND NOW**, this **3rd** day of **August 2026**, upon consideration of Defendant State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff Christina Boyce's Amended Complaint (ECF 17), to which no timely response has been filed, it is **ORDERED** that the Motion is **GRANTED** and Count II of Boyce's Amended Complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** forthwith to the Delaware County Court of Common Pleas pursuant to 28 U.S.C. § 1447 for all further proceedings, without an award of costs or fees by this Court. The Clerk of Court shall take all necessary actions to effectuate the remand and thereafter shall mark this case as **CLOSED**.

**IT IS SO ORDERED** for the following reasons. The Court previously granted Defendant State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff Christina Boyce's claim alleging that State Farm acted in bad faith by refusing to pay her for the

---

[1] The Court writes for the parties and assumes their familiarity with this case.

value of her property damaged on or about March 18, 2025, as a result of a water leak. (*See* ECF 15 at 3-6; ECF 16.) Boyce was granted leave to amend to allege sufficient facts to plausibly plead her claim. (ECF 15 at 6; ECF 16.) In Count II of her Amended Complaint, Boyce alleges that "[d]espite submitting a claim for numerous items of personal property damaged as a result of the loss incident, [State Farm] has failed and refused to compensate [her] for all but a few items of personal property, namely a comic book collection" and that State Farm has acted in bad faith by "fail[ing] and refus[ing] to make any payment based upon actual cash value of the damaged part of [her] property as is required in [her insurance] policy." (ECF 17 ¶¶ 25-26.)

Now, State Farm moves to dismiss Count II. (ECF 18.) It argues that although Boyce has added new allegations, she still "fails to set [forth] *any* sufficient facts to support a claim of bad faith and fails to state a claim against [it] under the pleading standard set forth" in *Bell Atlantic Corp v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (ECF 18-2 at 3 (emphasis in original).) State Farm's motion could be granted as uncontested because Boyce did not file a response within the fourteen-day period required to do so after State Farm filed its Motion (*i.e.*, by July 23, 2026). *See* E.D. Pa. Loc. R. Civ. P. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested except as provided under Federal Rule of Civil Procedure 56, or otherwise prohibited by law."). The Court nevertheless considers the merits of State Farm's arguments in favor of dismissal.

To withstand dismissal, Boyce's Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see* Fed. R. Civ. P. 12(b)(6). The Court is "required to . . . draw all inferences from the facts alleged in the light most favorable to" her. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A claim is plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8 (a)(2)). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. The Court may not "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (citation modified).

When a complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (citation modified). The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786-87). If Boyce does not allege sufficient facts to "nudge" her claims "across the line from conceivable to plausible," they must be dismissed. *Twombly*, 550 U.S. at 570.

Pennsylvania's bad faith statute permits a Court to award interest, punitive damages and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." 42 Pa. Con. Stat. § 8371. In insurance matters, "bad faith" is "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). Before Boyce's bad faith claim can proceed to discovery, she must show that (1) State Farm did not have a reasonable basis for denying benefits under the policy; and (2) State Farm "knew of or recklessly disregarded its lack of a reasonable basis" when it declined to pay her claim for water damage. *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017); *see also Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015). The facts alleged must demonstrate that State Farm acted with a "dishonest purpose . . . through some motive of self-interest or ill will." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Terletsky v. Prudential Prop. & Cas. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

An insurer can exhibit bad faith through actions including: "a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims." *Snider v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 146 (E.D. Pa. 2022) (citation modified). *Rancosky* requires "an objective inquiry into whether a reasonable insurer would have denied payment of the claim under the facts and circumstances presented." 170 A.3d at 374. Negligence or poor judgment—such as valuing a claim lower than the amount the insured believes it is worth—does not, by itself, prove that the insurer acted in bad faith. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012).

Courts dismiss bad faith claims that rely on conclusory or boilerplate allegations. *See, e.g.*, *Grimley v. Progressive Advanced Ins. Co.*, No. 25-3111, 2025 WL 2414162, at *3 (E.D. Pa. Aug. 20, 2025); *Yauger v. Mid-Century Ins. Co.*, No. 23-4075, 2024 WL 555883, at *3 (E.D. Pa. Feb. 12, 2024); *Diaz v. Progressive Advanced Ins. Co.*, No. 19-6052, 2020 WL 868133, at *1 (E.D. Pa. Feb. 21, 2020); *Elican v. Allstate Ins. Co.*, No. 17-3105, 2017 WL 6525781, at *4 (E.D. Pa. Dec. 21, 2017). Basic information regarding the insurance policy, loss, and denial of the claim and factual allegations showing *how* the insurer acted unreasonably are necessary at this stage. *See Kirschner v. State Farm Fire & Cas. Co.*, No. 23-993, 2023 WL 7167568, at *5 (E.D. Pa. Oct. 31, 2023). Because bad faith claims are fact-specific, to withstand dismissal, a "plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (emphasis added). Plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred." *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014).

Boyce's first Complaint was dismissed because she did not allege enough facts to show how or why State Farm acted unfairly or unreasonably. (ECF 15 at 5.) Only two of the five paragraphs added to her Amended Complaint detail additional facts about State Farm's alleged bad faith. (*See* ECF 17 ¶¶ 25-26.) As amended, Boyce still provides insufficient support to plausibly allege that State Farm acted without a reasonable basis, knew or recklessly disregarded its alleged lack of reasonable basis, delayed its claim handling, or acted with self-interest and ill will towards her.

Boyce's allegation that "[State Farm] has failed and refused to compensate [her] for all but a few items of personal property" even though she submitted a claim for several other items damaged as a result of the water leak (ECF 17 ¶ 25), provides no context regarding why any alleged refusal to compensate her was in bad faith. Likewise, her allegation that State Farm "has failed and refused to make any payment based upon actual cash value of the damaged part of the property, as is required in the policy and in doing so has acted in bad faith" (ECF 17 ¶ 26), is a conclusory assertion that also fails to support her claim of State Farm's liability for bad faith. Boyce's amended allegations fall far short of alleging how State Farm failed to investigate and evaluate her claim in a fair manner. She makes no mention of the relevant specific terms and exclusions under her insurance policy, how State Farm's denial was contrary to those terms and exclusions, or what was unfair about State Farm's denial or refusal to compensate Boyce for the relevant damaged items. She has not attached the Policy and the exhibits that her Amended Complaint does include do not provide the context required to permit her claim to proceed. *Compare Griffin v. State Farm Mutual Automobile Ins. Co.*, No. 25-1682, 2025 WL 1208930, at *5-6 (E.D. Pa. Apr. 25, 2025) (granting motion to dismiss the plaintiff's bad faith claim when the plaintiff failed to specifically describe "how [the defendant] lacked a reasonable basis for denying her benefits and knew or recklessly disregarded the lack of a reasonable basis"), *and Barbor v. State Farm and Cas. Co.*, No. 24-521, 2024 WL 3678660, at *5 (E.D. Pa. Aug. 6, 2024) (granting motion to dismiss the plaintiff's bad faith claim when the plaintiff "inserted [] basic facts into existing conclusory statements from their original [c]omplaint"), *with Montgomery v. Allstate Ins. Co.*, No. 26-1038, 2026 WL 1182028,

at *5-6 (E.D. Pa. April 30, 2026) (finding the plaintiff stated a plausible bad faith claim when the plaintiff alleged she informed the defendant that she had moved, the defendant took no action to change or cancel her policy, and the defendant then denied her coverage based "on information it had long possessed without acting upon it" (internal quotation marks omitted)), *and Riedi v. GEICO Cas. Co.*, No. 16-6139, 2017 WL 2957831, at *3-4 (E.D. Pa. July 11, 2017) (denying the defendant's motion to dismiss when the plaintiffs' amended complaint provided factual allegations of bad faith and attached an insurance policy that detailed conditions of coverage). Boyce's Amended Complaint still omits "basic facts regarding the insurance policy, loss, and denial of the claim." *Kirschner*, 2023 WL 7167568, at *5. Absent additional facts regarding Boyce's insurance claim, such as details regarding State Farm's investigation of the claim, its negotiation of the claim, or its communications with Boyce regarding its denial of coverage for her personal property, the Court is unable to infer bad faith on State Farm's part. Because Boyce still fails to state a plausible bad faith claim, Count II must be dismissed.

Boyce has not sought leave to further amend her bad faith claim because she has not responded to State Farm's Motion. Ordinarily, she would have leave to do so "*unless* amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (emphasis in original). Granting further leave to amend here would be futile because State Farm's Motion put Boyce "on notice as to the deficiencies" of her amended bad faith claim, and she "chose not to resolve them" when she failed to respond to the Motion. *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002). As a result, her bad faith claim is dismissed with prejudice.

Finally, jurisdictional issues not raised by the parties must be raised *sua sponte*. *See Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022). The Court "must always satisfy itself that it has jurisdiction." *Riley v. Bondi*, 606 U.S. 259, 273 (2025). It "must dismiss" an action if, "at any time," the Court determines that it does not. Fed. R. Civ. P. 12(h)(3). With the dismissal of Boyce's bad faith claim, one of the two requirements for subject matter jurisdiction under 28 U.S.C. § 1332—an amount in controversy greater than $75,000 exclusive of interest and costs—is no longer met. (*See* ECF 17 at ECF p. 6 (seeking judgment "in an amount less than" $50,000, "together with costs of suit, and interest allowable by law" for Boyce's remaining breach of contract claim). The amount in controversy is determined by "the sum demanded in good faith," plus any "damages in excess of the amount demanded," if recoverable on the causes of action. 28 U.S.C. § 1446(c)(2). If, following remand, State Farm uncovers evidence showing that the amount in controversy exceeds $75,000, it may again seek removal to this Court.

**BY THE COURT:**

José R. Arteaga

Digitally signed by José R. Arteaga
Date: 2026.08.03 15:53:47 -04'00'

**HON. JOSÉ RAÚL ARTEAGA**
***United States Magistrate Judge***
***Eastern District of Pennsylvania***